Hulet P. Smith and Loma M. Smith v. Commissioner.
Smith v. Commissioner
Docket No. 6628-65.
United States Tax Court
T.C. Memo 1967-28; 1967 Tax Ct. Memo LEXIS 234; 26 T.C.M. (CCH) 149; T.C.M. (RIA) 67028; February 15, 1967
*234 For approximately 20 years prior to December 1961, petitioners lived in a large house in Arcadia, California, which was near Los Angeles. During December 1961 petitioners permanently abandoned the house in Arcadia as a residence and moved to Pebble Beach, California, a distance of some 400 miles. They immediately offered the Arcadia property for sale and sold it in 1964. During 1962 and 1963 petitioners expended the sums of $2,744.21 and $2,640.40, respectively, for maintenance and repair of the Arcadia property. The improvements on the Arcadia property had a cost basis of $60,940, as of December 31, 1961, and an estimated life of 25 years from such date. Held, during the taxable years 1962 and 1963 the Arcadia property was "held for the production of income" as that phrase is used in sections 167(a)(2) and 212(2), I.R.C. 1954, thus entitling petitioners to deductions in both taxable years for depreciation and for the amounts expended for maintenance and repair. George W. Mitchell, 47 T.C. 120 (second issue), followed. Dana C. Smith, 595 E. Colorado Blvd., Pasadena, Calif., for the petitioners. Myron A. Weiss, for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax for the calendar years 1962 and 1963 in the amounts of $1,097.15 and $480.39, respectively. Petitioners claim refunds for both years. The proceeding was submitted under Rule 30 of the Court's Rules of Practice. The errors assigned by petitioners are as follows: (a) Disallowance by the respondent of deductions for expenses of maintenance of petitioners' former home, held by them for the production of income throughout the taxable years in question, as claimed in petitioners' returns for 1962 and 1963; (b) Disallowance of depreciation on that property for the same years *236 in the amount of $3656 for 1962 and $3437 for 1963, overlooked in such returns, but claimed in petitioners' protest of the deficiency claims. All of the facts were stipulated. Petitioners are husband and wife whose residence in 1962 and 1963 was in Pebble Beach, Calif. They filed joint income tax returns for the years 1962 and 1963 with the director of internal revenue at Los Angeles, Calif.
For approximately 20 years prior to December 1961 petitioners lived in Arcadia, Calif., which is near Los Angeles. The fair market value of petitioners' home in Arcadia, including land, was $80,000 in December 1961, which was somewhat less than its cost basis. Prior to December 1961 petitioner Hulet P. Smith had been actively engaged in the real estate loan business in the Los Angeles area and had also invested in real property in Southern California. During the year 1959 petitioners reached the decision that Hulet should retire from active business and move from Arcadia to Pebble Beach, Calif., a distance of some 400 miles, and so notified his business associates. During 1959 petitioners purchased a parcel of land at Pebble Beach, employed an architect to prepare plans for their *237 new home, and thereafter built a substantially larger and more expensive home than they had lived in in Arcadia. It was the intention of both petitioners that the Pebble Beach home would be their permanent home. By December 1961 petitioners had severed all of their business, investment, sports and social connections in Southern California and reestablished them in the Pebble Beach area. In December 1961 petitioners moved from their home in Arcadia and moved into their permanent new home at Pebble Beach, with no intention of ever reoccupying their former Arcadia home. Upon moving to Pebble Beach, petitioners took with them most of the furniture and furnishings of the Arcadia house, including some of the permanent floor carpeting, leaving only the window drapes and part of the floor carpeting. In addition, petitioners removed from the Arcadia property a truckload of plants and flowers which were installed at their new Pebble Beach home. Petitioners never thereafter occupied the Arcadia property. In the early spring or summer of 1961, petitioners placed the Arcadia property on the market for sale. Continuing efforts were made to sell the property until the spring of 1964 when it *238 was sold for $62,500. Petitioners determined that they would not offer the Arcadia house for rent because retention of the property for investment purposes was not justified by any rental which could be obtained and rental thereof would have obstructed petitioners' wish to get their money out of it. Renting the house would have obstructed sale since the premises would have had to be leased for two or three years in order to induce a tenant to make the necessary expenditures to make the house habitable, and showing the property to prospective purchasers would have been more difficult. Because of the foregoing, the petitioners were not interested in renting the property and it was therefore never offered for rent. During the years 1962 and 1963, petitioners expended the sums of $2,744.21 and $2,640.40, respectively, for maintenance and repair of the Arcadia property. The amounts expended were reasonable in amount and were also necessary to maintain the property for purposes of sale. The improvements on the Arcadia property had a cost basis of $60,940 as of December 31, 1961, and an estimated life of 25 years from such date. The applicable sections of the Internal Revenue *239 Code of 1954 are in the margin. [1] Respondent, in his brief, correctly states the question here presented, as follows: Was the former residence of the petitioners property held for the production of income during the years 1962 and 1963 entitling petitioners to maintenance expenses and depreciation deductions? This question is one of law. After the briefs were filed by both parties, we decided George W. Mitchell, 47 T.C. 120. The second issue of that case involved the identical issue involved in the present proceeding. In Mitchell, we decided for the taxpayer. Accordingly, we hold that during the years 1962 and 1963 the Arcadia *240 property which was held for sale was "held for the production of income" as that phrase is used in sections 167(a)(2) and 212(2), I.R.C. 1954, thus entitling petitioners to deductions in both taxable years for depreciation and for the amounts expended for maintenance and repair. George W. Mitchell, supra; Mary Laughlin Robinson, 2 T.C. 305; and Briley v. United States, 189 F. Supp. 510, 513, 514 (N.D. Ohio, W.D. 1960). The parties are agreed on the amounts involved necessary for a recomputation of the tax liability. Decision will be entered under Rule 50. Footnotes
1. SEC. 167. DEPRECIATION (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * *
(2) of property held for the production of income. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * *
(2) for the management, conservation, or maintenance of property held for the production of income; * * *↩